UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 13, 2013

LETTER TO COUNSEL:

    RE:    *Jason L. Howard v. Commissioner, Social Security Administration*;
            Civil No. SAG-10-3175

Dear Counsel:

    On November 9, 2010, the Plaintiff, Jason L. Howard, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Howard's reply. (ECF Nos. 13, 15, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Mr. Howard filed his claim on October 28, 2008, alleging disability beginning on January 9, 2007. (Tr. 117-18). His claim was denied initially on January 6, 2009, and on reconsideration on June 12, 2009. (Tr. 103-06, 109-10). A hearing before an Administrative Law Judge ("ALJ") was held on January 7, 2010. (Tr. 33-82). Following that hearing, on April 30, 2010, the ALJ determined that Mr. Howard was not disabled. (Tr. 6-32). The Appeals Council denied Mr. Howard's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency. During the review process, Mr. Howard filed another application for benefits, and as a result of that new application, was found disabled as of May 1, 2010 (the day after the ALJ's decision in the instant case).

    The ALJ found that Mr. Howard suffered from the severe impairments of radiation poisoning with multiple physical complaints, cervical degenerative disc disease, history of radiation induced encephalopathy, depression, and history of post traumatic stress disorder. (Tr. 11). Despite these impairments, the ALJ determined that Mr. Howard retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except that he would need to avoid even moderate exposure to hazards; could never climb a ladder, rope or scaffold; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl and would be limited to work that was simple, unskilled and not at a production pace.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that

*Jason L. Howard v. Commissioner, Social Security Administration*
Civil No. SAG-10-3175
February 13, 2013
Page 2

Mr. Howard could perform jobs existing in significant numbers in the national economy, and that he was therefore not disabled. (Tr. 26).

Mr. Howard raises four issues on appeal: that the ALJ improperly considered his mental impairments, that the ALJ improperly assessed his credibility, that the ALJ provided an inaccurate hypothetical question to the VE, and that the subsequent award of benefits suggests error in the instant denial of benefits.[1] Each argument lacks merit.

First, Mr. Howard contends that the ALJ's step three evaluation of his mental impairment was inadequate because it did not address each piece of medical evidence. Specifically, Mr. Howard cites his own testimony and statements, the reports of Dr. Heuser, and the reports of Kirsten Culler, LCSW-C, ASCW, as the evidence that the ALJ did not properly consider at step three. Pl. Mot. 36-40. However, the ALJ sufficiently explained, at the subsequent steps in the opinion, the reasons for her adverse credibility finding and her assignment of limited weight to the opinions of Dr. Heuser and Ms. Culler. (Tr. 20-21, 21-23, 24-25). The ALJ need not address each piece of potentially relevant evidence at each step of the sequential analysis, as long as substantial evidence supports the ALJ's conclusion.

Second, Mr. Howard contests the ALJ's adverse credibility finding. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as fatigue. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. (Tr. 20-21). Specifically, in support of her evaluation, the ALJ cited (1) multiple reports of objective evaluations finding no neurologic deficits, (2) Mr. Howard's representations to Dr. Rosenthal in February, 2008 that his symptoms had greatly subsided, (3) findings on cognitive tests that are inconsistent with Mr. Howard's reported symptoms, and (4) the ALJ's own observations from the hearing. (Tr. 20-21). The ALJ's adverse credibility is therefore supported by substantial evidence.

Mr. Howard's third argument is that the ALJ's hypothetical question to the VE was inadequate because it failed to include all of his work limitations. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). The ALJ's hypothetical to the VE comported with her RFC determination. (Tr. 74-76). Therefore, if the ALJ's RFC determination was supported by substantial evidence, then her

---

[1] Mr. Howard also generally argues that the subsequent disability finding should justify remand or reversal of this case. *See, e.g.,* Pl. Reply [ECF No. 16]. I have not reviewed the record leading to the award of benefits in the subsequent case. My role is to determine whether substantial evidence of record supported the ALJ's decision in this case. The outcome of the subsequent case is not relevant to that assessment.

*Jason L. Howard v. Commissioner, Social Security Administration*
Civil No. SAG-10-3175
February 13, 2013
Page 3

hypothetical was also proper.

I conclude that substantial evidence supports the ALJ's conclusion that Mr. Howard was able to perform work in accordance with the limitations in the RFC. The ALJ engaged in an extensive analysis of the evidence of record. (Tr. 11-25). The evidence cited by the ALJ included Dr. Rosenthal's determination in February, 2008 that Mr. Howard had no limitations and could return to work, (Tr. 12-13); Dr. Gaber's assessed percentages of impairment, which did not "seem consistent with total disability," (Tr. 21); Dr. Davis's opinion that Mr. Howard was capable of a reduced range of light work, (Tr. 23); the opinion of state agency consultant Dr. Biddison that Mr. Howard was capable of light work, (Tr. 23-24); Dr. Brooks's opinion that Mr. Howard could benefit from training and had the mental capability to work, (Tr. 15); and Dr. Sarno's opinion concurring with the assessment of Dr. Brooks. (Tr. 25). The ALJ further explained her reasons for assigning little weight to the opinions of Dr. Heuser and Ms. Culler, because she deemed those opinions to be inconsistent with the medical evidence cited above. (Tr. 22-25). Finally, the ALJ explained her reasons for affording little weight to state agency physical consultant Dr. Feld, who opined that Mr. Howard would be capable of medium work. (Tr. 23). The ALJ's position is well-explained and is supported by substantial evidence. My review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). I am not permitted to reweigh the evidence or to substitute my own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). As a result, the ALJ's hypothetical provides no basis for remand.

Finally, Mr. Howard suggested in his reply letter that the subsequent award of benefits, with an onset date just one day after the ALJ's decision in this case, provides a basis for remand or reversal. Counsel for Mr. Howard represented that the second application was adjudicated "using basically the same medical evidence" as the first application. Pl. Reply 1. However, although Plaintiff attached certain information to his Motion for Summary Judgment that was not part of the underlying record in this case, I have not been provided with any evidence to show the basis for the finding of disability in the second application. Plaintiff attached his April 12, 2011 notice of award, which provides no description of the reasons benefits were awarded. Plaintiff also provided a January 26, 2011 letter from Ms. Culler and Dr. Weaver, which states that Mr. Howard's depression following the accident "is largely unabated and continues to deepen." Culler Jan. 26, 2011 Ltr., at 1.[2] The letter also indicates additions to and increases to Mr. Howard's medication regimen, leading to "significantly increased irritability" and "a decreased tolerance with the complexities of daily tasks." *Id.* at 2. The letter suggests that Mr. Howard's level of impairment may have grown as time elapsed following the radiation accident.

Plaintiff's counsel does not expressly seek to introduce the subsequent award of benefits as "new and material evidence" under sentence six of 42 U.S.C. § 405(g). However, I have considered whether a remand on that basis would be appropriate. Sentence six provides:

---

[2] Mr. Howard attached this letter to his motion for summary judgment.

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in the prior proceeding.

When invoking sentence six, a court does not either affirm or reverse the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* The Fourth Circuit has not expressly addressed whether a subsequent finding of disability itself constitutes new and material evidence. District Courts within the Fourth Circuit, and other federal courts, have taken varying approaches to the question. Some courts have determined that, in cases where the disability onset date was close in proximity to the prior denial of benefits, the subsequent award warrants a sentence six remand. *See, e.g., Hayes v. Astrue*, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007) (remanding where the subsequent award used an onset date one day after an unfavorable decision); *Reichard v. Barnhart*, 285 F. Supp. 2d 728, 734 (S.D. W. Va. 2003) (remanding where the subsequent award used an onset date less than one week after an unfavorable decision). Other courts have found that, even with close proximity between the date of denial and the subsequent onset date, subsequent awards alone do not constitute new and material evidence because of the possibility of intervening circumstances. *See, e.g., Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 654 (6th Cir. 2009) (finding remand unwarranted because the claimant failed to show that "the subsequent decision was supported by new and material evidence that [the claimant] had good cause for not raising in the prior proceeding"); *Atkinson v. Astrue*, No. 5:10-CV-298-FL, 2011 WL 3664346 (E.D.N.C. July 20, 2011) (collecting cases and determining that exclusive reliance on a subsequent award does not establish the existence of new and material evidence); *Johnson v. Astrue,* No. 3:09-2458-JMC-JRM, 2010 WL 6089082, at *8 (D.S.C. Nov. 16, 2010) (relying on *Allen* and holding that a subsequent favorable decision alone does not merit remand); *Sayre v. Astrue*, No. 3:09-01061, 2010 WL 4919492, at *4 (S.D. W. Va. Nov. 29, 2010) (adopting the *Allen* rationale).

Having reviewed the cases adopting both approaches, I agree with the rationale set forth by the *Allen* and *Atkinson* courts. As was noted in those cases, Mr. Howard's Notice of Award does not summarize the evidentiary basis for the second decision. As addressed above, there is some indication that Mr. Howard's condition has deteriorated, which may explain the inconsistencies between the two decisions. However, because Mr. Howard has not provided this Court with the opportunity to consider the evidentiary basis for the subsequent award, but has simply made a conclusory allegation that the evidentiary basis was similar, I cannot adequately assess the merits of that position. Mr. Howard has therefore not demonstrated the existence of new and material evidence. The subsequent award of disability, standing alone, does not constitute new and material evidence to support a sentence six remand.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 13) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 15) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                    Sincerely yours,

                    /s/

                    Stephanie A. Gallagher
                    United States Magistrate Judge